## State *v.* Benjamin P. Wilbor.

The Court derives its power to act in criminal matters not from particular statutes, but from the act which constitutes it a Court.

Where a statute is in part repealed or altered, the power of the Court is not affected, but it is called upon to construe the original and amendatory act together and to ascertain and carry into effect their intent, if the forms of law through which it must act will admit of it.

An amendatory act having prescribed a mode of distributing the penalty imposed different from the mode prescribed by the original act, it was holden that the amendment did not affect the offence or operate a repeal of the penalty, but only modified the form of the judgment by which it was to be distributed.

Where an indictment concludes, by charging an offence as having been committed "against the form of the statute" the indictment will be sustained, though the offence is the creation of a number of "statutes."

This was an indictment, charging that the respondent, in the city of Providence, between the first day of June, 1846, and the sixth day of July, 1846, did sell strong liquors in quantities less than ten gallons without license first had and obtained from the Board of Aldermen in Providence, &c., against the form of the statute, &c. After conviction the defendant moved an arrest of judgment, on the ground that there was no offence known to the law set forth in the indictment, and, secondly, that the Court had no power under the law to pass sentence upon the verdict found against him.

The statute by which the act charged was made an indictable offence was passed in 1844. By that statute the penalty imposed was fifty dollars, one half of which was to go to the town in which the offence was committed and the other half to the State. In January, 1846, this act

was amended and one half of the penalty was given to the complainant and the other half to the State. And it was further provided, that upon a second conviction for a violation of any of the provisions of the amended act, the offender should forfeit the sum of one hundred dollars, and for every subsequent conviction the sum of two hundred dollars, and so much of the original act as was inconsistent with the amendment was repealed.

It was contended for the respondent, that the " act enabling Town Councils to grant licenses and for other purposes" (passed 1844), for a violation of which this indictment had been preferred, was inconsistent with the act in amendment thereof, (passed January, 1846,) in a matter touching the judgment to be rendered on the verdict; that the Court had so decided, *State v. Fletcher*, (see *supra*, p. 193,) and that, it being so inconsistent, it was repealed by the amendatory act. That the power of the Court to render judgment must be one and entire and was not to be gathered up in parts from several acts. If it had this power, it must be derived from the amendatory act, but that act gave it no authority to render judgment in this case : the only sentence for which it had provided, being one which doubled the penalty.

*Rex vs. Cator*, 4 Burrows, 2026. Leach Crown Law, 228. *Rex vs. Cooley*, 3 Term. Rep. 61. 3. Bingham, 580. *Pitman vs. Hunt*, 10. Pick. 504—506. 5. Pick. 166. 21. Pick. 373. *Commonwealth vs. Macomber*. 3. Mass. 254. 4. Mass. 439. 11. Pick. 350. 1. Binney, 601. 11. Pick. 350. 1. Binney, 601. 1. N. H. 61. 2. Met. 408. State vs. Cole, 2. McCord, 1. *Smith vs. State*. 1. Steere, 806.

J. M. BLAKE, Attorney General, for the State.

W. H. POTTER, for the respondent.

State *v.* Benjamin P. Wilbor.

DURFEE, C. J.—This Court derives its power to carry an indictment or other common law criminal proceeding from the presentation of the bill or information to final judgment, not from particular statutes for making certain acts offences against the State or for establishing certain municipal regulations, but from the act which constitutes and organizes it as a Court. A repeal or alteration in any such municipal regulation or statute touches not the power of the Court, however it may change its objects or mode of action. Hence, when a statute is in part repealed or altered, it becomes not a question of power but of interpretation. In other words, the Court is to enquire how the original and amendatory acts taken together are to be understood, according to the common law rule for interpreting statutes, and having thus ascertained their true intent, it is bound to carry that intent to its final effect, if those forms of law through which it must act will admit of it.

Now the act in amendment of an act, authorizing town councils to grant licenses and for other purposes, does not affect the power of the Court ; it calls upon the Court to construe the two acts together and give them such a construction as shall render them, if practicable, consistent with each other and with our common law forms of proceeding by indictment.

In as far as any question arises in considering this motion, the two acts are in no sense inconsistent with each other, except in relation to the distribution of the penalty. In every other respect, whether we consider the penalty itself, the proceedings by which it is recovered, or the act by which it is incurred, the two statutes are perfectly consistent with each other and nothing is changed. But then in considering these statutes in the case of the State

vs. Fletcher, the Court did find that the new distribution of the penalty did effect certain rights of the town, (which before the passage of the amendatory act was entitled to half the penalty in all cases), by transferring those rights, except where convictions had already been obtained, to the complainants. But this did not change the offence or repeal the penalty—it only repealed the mode of distribution given by the 10th section of the amended act. Yet, though it only affected the mode of distribution, the Court was and still is of opinion that the offence, created by that section, and the penalty there given, remain unchanged, and that the only difficulty in recovering it lies in the fact that the amending act has left the Court no mode, so long as it pursues the common law course of adjudication, whereby it can distribute any penalty, incurred prior to the day on which the amending act went into effect, except in those cases where convictions had already been obtained. To have taken a penalty, which had been already incurred and to the one half of which the town was entitled under the statute before it was amended, and to have given it to the complainant, would have been to have given the amending act a retroactive effect and to have invested the complainant with rights to which, up to the day on which the amending act went into effect, he was a stranger ; and that in derogation of the rights of the town and against the language of the statute.

It will here be perceived, that this opinion did not touch the penalty itself, nor did it touch in any respect the rights or liabilities of the respondent. It was an incident of that opinion, rather than its direct effect, that operated his discharge. The Court could not give the half of the penalty to the town, because the amendment provided for

a sentence that should give it to the complainant, if a conviction had not been obtained, and it could not give it to the complainant, because the act, which was amended, gave it to the town, from which it could not be taken without giving the amending act a retroactive effect.

If this opinion be correct, and if the amendatory act does not touch the offence or the penalty, but only relates to the form of the judgment by which it is to be distributed, the Court cannot comprehend how it is to operate a repeal of that penalty, or how it is to take from the Court the power of rendering judgment, in any case in which the penalty can be distributed consistently with the intent of both acts, considered together, and with the rights of the parties entitled to it. The defendant is indicted for an offence, committed subsequently to the passage of the amendatory act; but the questions which the former opinion decided, grew out of offences committed prior to its passage—none of the questions, therefore, decided by the former opinion necessarily arise here, nor do any of the principles, on which that decision was grounded, properly belong to a consideration of the present question.

It is said the penalty is made by the amending act greater, inasmuch as it is provided that for a repitition of the offence it may be doubled. This is a possible contingency, but not an incident of the sentence. The respondent may again violate the law, but this depends wholly upon his own will. It is not a *right* of which the sentence will deprive him, nor any result, which the Court can anticipate, or which it can take into consideration as a part of its sentence. It cannot consider the penalty, by such possible contingency, as increased. To do so would be to presume that the breach of law would be repeated, and to be solicitous, not for the preservation of the rights

of the respondent, but to guarantee to him impunity in wrong-doing. This is not the proper business of the Court. At any rate, the double penalty is a penalty imposed by the amending, and is in no sense inconsistent with the amended statute. It is a new penalty, and just as distinct from the old, as if it were to be imposed upon any contingency other than the sentence now to be passed.

It is said that the State cannot rely upon both statutes, since the indictment concludes by alleging that the sale was "against the form of the statute" and not "statutes" "in such case made and provided." But it has been decided— and we are not aware that the correctness of the decision has heretofore been questioned—that under such an indictment, an offence may be proved and the indictment sustained, although the offence may be the creation of a number of statutes. All the statutes in relation to the same offence must be taken and construed together as if they were one statute.

With these views of the question, which the counsel for the respondent have presented for the consideration of the Court, we are under the necessity of overruling the motion in arrest of judgment.